UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELAINE JUCH § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:23-cv-1117 |
| VS. § | |
| § | |
| TEXAS CHRISTIAN UNIVERISTY, § | |
| Defendant § | |

### PLAINTIFF ELAINE JUCH'S ORIGINAL COMPLAINT

Plaintiff Elaine Juch, by her attorney, files this her Original Complaint against Defendant Texas Christian University, alleging as follows:

### I.  JURISDICTION AND VENUE

1. This action arises Title IX and Texas state contract law. Accordingly, this Court has federal question jurisdiction over the Title IX portion of this complaint pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a) (b). The Court also has supplemental jurisdiction over the Plaintiff's Texas Breach of Contract claims pursuant to 28 U.S.C. §§ 1367(a).

2. This Court has personal jurisdiction over Defendant as it is a University located within Tarrant County within this District.

3. Venue is appropriate in the Northern District of Texas pursuant to 28 U.S.C. Section 1931(b)(2), and this matter is properly in the Fort Worth Division, because the acts or omissions that form the basis of this action occurred within the Tarrant County portion of Fort Worth, Texas, which is within the Fort Worth Division of the Northern District of Texas.

### II.  THE PARTIES

4. Plaintiff **Elaine Juch** ("Juch") is a former student of the Defendant and is a citizen of the United States and of the State of Texas.

**Plaintiff Elaine Juch's Original Complaint - Page 1 of 13**

5. Defendant **Texas Christian University** is an co-educational institution of higher learning and receives federal funding, making it subject to Title IX. It may be served through its agent for service of process.

### III. THE FACTUAL BACKGROUND OF THE ACTION

**A. Juch's Commitment and Dedication To Her Academic Performance Causes Her to Excel While At TCU.**

6. Ms. Juch enrolled in TCU's Nurse Anesthetist program in the Spring of 2019. Throughout Juch's time at TCU she was an exceptional student. Juch took classes non-stop for approximately 3 years in order to gain her Nurse Anesthetist degree. Juch regularly received A's in the classes she took and never received a grade below a B. By the end of the Summer 2021 term, Ms. Juch had an impressive cumulative GPA of 3.645. As such, Ms. Juch was looking forward to completing her last term, and set of nursing rotations, with the same grace and ease as previously demonstrated.

7. Juch's last set of rotations were set to begin on October 4, 2021, and end on November 26, 2021. Juch was originally scheduled to report to Cook Children's Hospital in Fort Worth to participate in a pediatrics rotation. However, Ray Ramos, the Chief Registered Nurse Anesthetist of US Anesthesia Partners (USAP) volunteered to monitor Juch's rotations at Dell Children's Medical Center in Austin (Dell) instead, if Juch accepted a position with USAP. Juch would then transition to Ascension Seton Medical Center Austin (ASMCA) on November 1, 2021, to finish her pediatric rotation. Juch was delighted with this offer and happily accepted. Juch confirmed the change of placement and start date with Jeremy Briggs, TCU's Clinical Coordinator, on September 27, 2021.

**B. Juch Begins Her Pediatric Rotation at Dell Children's Medical Center.**

8. On October 4, 2021, Juch reported to Dell for her first day, excited and eager to learn. However, after discovering that the other staff were unaware that Juch would be rotating through Dell, Juch quickly learned that this rotation would not be like the ones she has experienced in the past. Despite its unusual nature, Juch did not let this hinder her performance at Dell and she welcomed the many challenges that the rotation threw at her. One of those challenges included Juch working under a different preceptor almost every day. This was an unusual practice in most nursing rotation programs and varied from the norm of her past experiences. Despite this, Juch welcomed the many perspectives that each new instructor could give her.

9. Not every preceptor was as open and welcoming to Juch as she was with them. In particular, Janna Mendoza, an instructing Certified Registered Nurse Anesthetist (CRNA) to Juch, had different personal and professional practices than Juch. While only teaching Ms. Juch for two days, Mendoza would often communicate Juch's performance and feelings of displeasure towards Juch to other staff members, in violation of privacy rules of the hospital. Mendoza never communicated any negative feelings to Juch. However, if Juch tried to ask Mendoza questions or have something explained to her, Mendoza would often respond in an annoyed tone towards Juch, making Juch hesitant to ask questions. Recognizing the possible harm these negative reactions could do to Juch's learning experience, Juch respectfully requested to be placed with a different instructor. Ms. Juch's request was honored, and Juch did not work under Mendoza's instruction again. Juch ultimately finished her rotation at Dell on October 29, 2021, with flying colors. Despite Juch and Mendoza's rocky start, Mendoza commended Juch's performance while under Mendoza's supervision and stated that she "did a good job."

10. Juch's first day at ASMCA was scheduled to be November 1, 2021. However, due to the difficulties of her previous placement, coupled with the fact that Ms. Juch had been taking

classes non-stop since Spring of 2019, Juch emailed her Clinical Coordinator, Jeremy Briggs, to request a mental health day and delay her first day at ASMCA until November 2nd. Juch needed the mental health day to consult with a therapist. Briggs confirmed that Juch could delay her first day at ASMCA to November 2, 2021. While confirming that Juch's ability to take a mental health day was approved, Briggs also requested that Juch bring her performance evaluations from Dell to his office that day, November 1. Accordingly, Juch brought Briggs her evaluations and reported to ASMCA on November 2nd for her first day as approved.

C.   **Juch Is Retaliated Against For Taking A Mental Health Day.**

11.   Despite being told that Juch's mental health day was approved, On November 1, 2021, Briggs contacted TCU and reported Juch's absence as unexcused. Subsequently, Dr. Dru Riddle, a professor in TCU's Nurse Anesthetist program, contacted Juch and asked for her immediate response regarding her "unexcused" absence. Confused, Juch immediately contacted Dr. Riddle to explain that she received prior approval for her absence, explain her need for the absence, and explain that it was her understanding that her absence would not harm her status in the program. Dr. Riddle responded with understanding and told Juch that they would talk more later in the week.

12.   After starting her first day at ASMCA, Juch received a notice from Briggs that he wanted to meet to discuss her evaluations from her time at Dell. Feeling confident with her previous performance, Juch happily agreed to discuss her evaluations with Briggs. However, what Briggs told Juch next caused her to be worried. Briggs told Juch that TCU's Clinical Evaluation Committee (CEC) would be present during the meeting. This was unusual considering the CEC only met with students to determine whether they should go on clinical probation, administrative probation, or be dismissed from the program altogether. Rightfully so, Juch became concerned.

She did not know why the CEC was attending the meeting, especially considering her time at Dell was a positive experience and she was not informed of anything to the contrary. Nevertheless, the meeting was scheduled for Wednesday, November 3, 2021.

13.     On Wednesday, November 3, 2021, Juch attended the meeting with Briggs and the CEC. Juch was surprised to learn that the members present, and who represented themselves as a full CEC, did not make up a full committee. Indeed, according to TCU's Nurse Anesthetist Handbook, the CEC shall consist of one (1) Clinical Site Coordinator, one (1) Chairperson, a minimum of three (3) Clinical Preceptors from the student's primary clinical site, and at least one (1) TCU Faculty Member. However, when Juch met with the CEC on November 3rd, she found that TCU did not follow its own handbook. The committee that Juch met with consisted of Jeremy Briggs as the one (1) required Clinical Site Coordinator, Mindy McWhirter as the one (1) required Chairperson, Dan [last name unknown] as only one (1) of three (3) required Clinical Preceptors, and both Dr. Dru Riddle and Dr. James Holcomb as at least one (1) TCU Faculty Members. As such, Juch never met with a true Clinical Evaluation Committee and TCU certainly failed to comply with its own handbook.

14.     Despite not meeting with a true CEC committee, the apparent committee proceeded as if they had the authority of a true committee. For the first time, Juch was presented with four negative evaluations from her time at Dell, which all resulted in a grade of unsatisfactory (U). She was also presented with one neutral evaluation, which resulted in a grade of satisfactory (S). Undoubtedly, Juch was astonished to learn of these negative reviews. While at Dell, Juch was never notified that she had an unsatisfactory day.

D.     **TCU Fails To Follow Its Own Guidelines When Retaliating Against Juch.**

15.     To be clear, TCU's Nurse Anesthetist Handbook states:

**Plaintiff Elaine Juch's Original Complaint - Page 5 of 13**

     a. Students [have] the right to receive fair, objective, and confidential evaluations.

     b. RRNAs will normally be notified that they are not meeting expectations for a grade of satisfactory (S) on his/her daily evaluation. It should be understood that egregious deviations from the AANA standards of care or other auctions jeopardizing patient safety or unprofessional conduct may result in a grade of unsatisfactory (U).

     c. All UNSATISFACTORY evaluations must be brought immediately to the attention of the clinical site coordinator. On the **1st** unsatisfactory evaluation, a Clinical Evaluation Committee (CEC) is convened. The CEC must meet **within two working days** following the unsatisfactory evaluation to discuss the evaluation, the specific circumstances leading to the unsatisfactory rating, identify problem areas, **give guidance and make recommendations for clinical training**.

16. The negative evaluations that Juch was presented with cite to various baseless instances where she allegedly violated TCU's Student Handbook. For example, one evaluation stated that Juch was working under a preceptor and demonstrating "patient safety concerns" on October 5, 2021. However, Juch was working with a different preceptor on that date. In fact, she did not work under the preceptor who gave her this unclear and dubious negative review until several weeks later. Even more, Juch was not informed of this apparent negative review on October 5, 2021. In fact, she did not become aware of it until her meeting on November 3, 2021. One must start to wonder how this evaluation came to be and whether it truly fulfils Juch's right as a student to receive fair, objective, and confidential evaluations.

17. Another negative evaluation cited an incident about Juch's performance during an induction of anesthesia on a patient on October 19, 2021. Before starting the induction, Juch was instructed by her preceptor to put monitors on the patient. When Juch entered the patient's room she acted as instructed. Juch began to put monitors on the patient before starting the induction. However, during that process, the patient began thrashing around and made it impossible for Juch to properly apply monitors to the patient. To attempt to calm the patient, Juch started the induction. This calmed the patient enough for Juch to properly place monitors on the patient. Like before,

Juch was not informed that her reasonable actions to calm the patient and place the monitors resulted in an unsatisfactory review. To the contrary, she performed this task in the same manner as previously taught, and she was not notified that it was unsatisfactory until November 3, 2021.

18. Another evaluation cited a Laryngospasm that Juch helped perform on October 20, 2021, as a basis for the unsatisfactory review. On October 20th, Juch was called to extubate a 6-month-old patient before heading to the Post-Anesthesia Care Unit (PACU). Juch did so accordingly, and the patient began to laryngospasm. Juch noticed that the patient began to stop breathing altogether and checked the patient's airways, oxygen mask, and applied positive pressure to encourage breathing again. Juch promptly notified the CRNA that the patient was not moving air. When this did not work, Juch's preceptor stepped in and attempted to re-intubate the patient. The patient began to laryngospasm again making it almost impossible for the preceptor to re-intubate. Accordingly, the preceptor asked Juch to get medicine to help relax the patient's throat muscles, but Juch did not have authorization to access the medicine cabinet. When Juch told her preceptor this, the preceptor got visually and verbally upset with Juch and accessed the medication herself. While her preceptor was retrieving the medicine, Juch prepared all of the tools necessary to re-intubate the patient. Ultimately, the preceptor was able to re-intubate the patient. This was the first time that Juch had seen a laryngospasm. After the patient was stable, Juch asked her preceptor for feedback on how to improve her performance. Juch received feedback but did not receive any indication that her performance was unsatisfactory. Further, Juch did not receive notice that her performance resulted in an unsatisfactory review until November 3, 2021.

19. Simply put, if the above examples were indeed a basis for an unsatisfactory evaluation, Juch should have been notified of her unsatisfactory performance after the first negative evaluation on October 5, 2021. Beyond notification, a CEC meeting should have been

convened by the latest date of October 7, 2021. Juch should have been given a chance to remedy any problems with her performance and been offered guidance on how to proceed in the future. None of these things were done. Even more, none of the alleged negative evaluations were reported to the Clinical Coordinator promptly, Juch was not notified of any unsatisfactory performance, and a true and proper Clinical Evaluation Commission was not formed to properly guide Juch.

E. **Dr. James Holcomb Does Everything In His Power To Prevent Juch From Graduating.**

20. On November 9, 2021, Juch attended a Zoom call with her instructor Dr. James Holcomb, Dr. Dru Riddle, and TCU's Nurse Anesthetists Program Director, Dr. Jennifer Oakes. On the call Juch was verbally informed that she would receive "no credit" for her final clinical residency and that she would be withdrawn from the class, effective immediately. This was done in violation of TCU's Graduate Catalog for the 2021-2022 year. Accordingly, Juch emailed Dr. Robyn Ward, the Director of the Nurse Anesthetist Program for TCU, immediately after the Zoom call to appeal this decision.

21. According to TCU's Graduate Catalog for the 2021-2022 year, to be forcefully withdrawn by an instructor from a class, the instructor must go through a specific process. Namely, the instructor must: (1) provide the student with a written notice of their intent to withdraw the student from the class, (2) provide an explanation of why they intend to withdrawal the student, (3) copy the department's chair, and (4) schedule a meeting with the student and department chair within 7 days to discuss the instructor's concerns after the written notice is given. Despite this process being very clearly explained in the Graduate Course Catalog, when Juch was given notice that she was being actually withdrawn from the class, the notice was not written, and the notice was not a notice of intent. The notice of withdrawal given to Juch was verbal and very clearly a

decision that was already made. This is a clear violation of TCU's withdrawal policy and procedures.

F. **TCU Tries To Cover-Up Dr. Holcomb's Blatant Violation Of Juch's Rights As a Student Or Otherwise.**

22. In trying to correct Dr. Holcomb's error, Dr. Ward responded to Juch's email request for an appeal by attempting to re-start the withdrawal process. However, in doing so, Dr. Ward still relied on Dr. Holcomb's verbal withdrawal of Juch from her class to indicate that Juch's withdrawal process had already begun, and she could no longer participate in her clinical rotations, another clear violation of TCU's policy. According to TCU's withdrawal policy, Juch can only be denied participation in her clinical rotation after she has received a written notice of intent to withdraw. Juch was wrongfully denied from participating in her pediatrics rotation since at least November 9, 2021. Juch did not receive a written notice of Dr. Holcomb's intent to withdrawal her until November 12, 2021, approximately 3 days after being verbally notified that she was suspended from the class. Because Juch's professor failed to properly notify Juch of his intent to withdraw her from the clinical rotation and follow TCU's proper procedure, his subsequent withdrawal of her in the class cannot be regarded as proper. Nevertheless, the required meeting between Juch, Dr. Holcomb, and Dr. Ward was set to occur on November 19, 2021.

23. The inappropriate and wrongful withdrawal of Juch from her clinical rotation class has had a profound impact on Juch. Despite being forcefully withdrawn for infractions that Juch was not even aware about, Juch was told, by Dr. Holcomb, that the cases from her pediatrics rotation and hours spent working on them would still be counted in her favor. As such, by the time Juch was wrongfully withdrawn from her rotation she worked on 852 cases and spent more than 2,000 hours doing so. According to TCU's Student Handbook, Juch has fulfilled all but one of TCU's requirements to graduate from the Nurse Anesthetist Program. The only requirement Juch

has not satisfied is receiving 87 semester credit hours. This was unable to be done because Juch was wrongfully withdrawn from her last class, the pediatrics rotation.

24. On November 19, 2021, Juch met, via Zoom, with Dr. Ward and Dr. Holcomb to present her side of the story. Juch also invited a former preceptor to attend the meeting on her behalf, Dr. Raisa Nguyen, MD. Dr. Nguyen informed Dr. Ward and Dr. Holcomb that while Nguyen worked with Juch, she was never a patient safety concern. Dr. Nguyen also praised Juch's clinical skills and testified about the considerable impression she left on all of her preceptors at Medical City of Fort Worth. The undeniable praise and approval Dr. Nguyen gave appeared to mean nothing to Dr. Holcomb. During the entirety of Juch's personal statement and praise, Dr. Holcomb turned his camera off to represent to her that he was not listening.

25. When it was time for Dr. Holcomb to speak about why he intended to withdrawal Juch from the clinical rotation, he cited various TCU Handbook violations but gave vague reasonings for why Juch apparently violated the provisions. For example, Dr. Holcomb stated Juch failed to meet academic probation objectives, failed to rectify administrative deficiencies, and failed to not cause patient safety concerns. However, Juch was never notified that she was on academic probation or that she had administrative deficiencies that she needed to rectify. Further, Juch was given no indication that anything she did was a patient safety concern during the course of her rotation at Dell. It was not until she completed the rotation, and it was impossible to cure, that she was notified of this concern. When Juch tried to explain this to Dr. Ward and Dr. Holcomb it did not matter. On November 22, 2021, Juch received a final notification that she was officially removed from the pediatrics rotation.

G.      **TCU Refuses To Correct The Animus Present In The Nursing Anesthetist Program.**

26. Juch timely appealed the final decision to withdraw her from her clinical rotation.

27.     In doing so, she met with Dr. Suzy Lockwood, the Associate Dean for Nursing and Nurse Anesthesia. Unfortunately, Dr. Lockwood upheld the "no credit" decision and surprisingly elected to dismiss Juch from the program entirely. Shocked and confused by the severity of this decision, Juch timely appealed to the Academic Appeals Committee.

28.     Like before, appealing to the Academic Appeals Committee proved fruitless. The Appeals Committee upheld Dr. Lockwood's previous decision to dismiss Juch from the program. In the Appeals Committee's letter, the committee did not provide a basis for upholding Juch's grade and dismissal from the program. The only reason the Appeals Committee gave for upholding Dr. Lockwood's decision was that the decision was "reasonable" and within her authority to make.

29.     Subsequently, Juch appealed to the University Provost's Office. The appeal was denied and to date, Juch has not been allowed to graduate.

H.      **Title IX of the Education Amendments of 1972.**

30.     Based on the above factual pattern, it appears that TCU has both violated Title IX and breached its contract with Juch.

31.     "Title IX has no administrative exhaustion requirement…. Plaintiffs can file directly in court under its implied private right of action and can obtain the full range of remedies." See Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 255 (2009). Title IX has a two-year statute of limitations. *Does 1-10 v. Baylor Univ.*, 240 F. Supp. 3d 646, 663 (W.D. Tex. 2017).

IV.     **CLAIMS FOR RELIEF**

29.     The below claims are asserted separately, and although potentially subject to the one recovery rule, the claims are not dependent on each other.

**FIRST CLAIM FOR RELIEF**
**(VIOLATION OF TITLE IX)**

30.     Plaintiff realleges each allegation set forth in the paragraphs above.

31. By reason of the foregoing, Defendant TCU violated Title IX by terminating Juch's participation in her educational program for false and discriminatory reasons.

32. Juch has been injured thereby and as a result should receive compensatory legal damages and equitable remedies, including but not limited to compensatory damages, attorney fees, cost of court and/or such other relief in law or equity as the Court finds just and/or right.

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

33. Plaintiff realleges each allegation set forth in the paragraphs above.

34. By reason of the foregoing, Defendant TCU wrongfully terminated Juch's educational contract without cause, violating the promises made to her that if she progressed on her degree plan she would graduate.

35. As a result of TCU's breach of contract, Juch should receive compensatory legal damages and equitable remedies, including contract damages, attorney fees; costs of court, and any and legal damages or equitable relief that the Court finds just and/or right.

## V.   JURY DEMAND

36. Although the Plaintiff seeks an equitable injunction of reinstatement or equitable front pay in the alternative, even cases with remedies sounding in equity, to the extent there are one or more issues of fact or law suitable for a jury, the Plaintiff respectfully requests a jury trial on all such issues.

## VI.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Elaine Juch seeks relief against Defendant TCU, as follows:

A. That this matter be submitted to a trial by jury on all legal issues and as a bench trial for all issues of equity, if any, and that Judgment be entered against all Defendants:

a. Finding that that Defendant TCU violated Title IX, in whole or in part, by terminating her educational program, in whole or in part, because of sex;

b. Finding that that Defendant TCU breached its contract with Juch by terminating his enrollment, without cause;

c. Awarding direct financial damages and equitable relief, including consequential economic damages for Plaintiff's and other foreseeable financial harm; and/or

d. Awarding attorney fees; costs of court, and all such other and further relief in law or equity as the Court deems to be just and right.

RESPECTFULLY SUBMITTED,

*/s/ Eric N. Roberson*

---

Eric Roberson
Texas State Bar No. 00792803
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, TX 75219
214-379-0817 Direct
214.969.9099
214.379.0839 Fax
ENR@KilgoreLaw.com
**Attorney for Plaintiff Elaine Juch**